### *EX REL.* BARTLESS v. BEAUFORT.

1. COSTS—APPEAL—PROHIBITION.—Under act of 1882, 17 Stat., 1063 (Rev. Stat., 2551), the attorney of the prevailing party on appeal to this Court in a case in prohibition, is entitled to tax costs on appeal, in all cases commenced before act of 1892, 21 Stat., 30.

2. APPEAL—COSTS—21 STAT., 30.—The appeal in this case comes within the purview of the act of 1892, 21 Stat., 30, because the original proceeding was commenced before passage of that act, and the appeal with reference to costs is not a *new* proceeding, but only one of the steps incident to the original proceeding.

Before ALDRICH, J., Beaufort, February, 1896. Affirmed.

Appeal by the Town Council of Beaufort from order of Circuit Court, affirming taxation of costs by clerk, by W. H. Bartless *et al.*, in prohibition proceeding against the town.

*Mr. W. J. Verdier*, for appellant, cites: 2 Bay, 323; 1 Strob., 176; 22 S. E. R., 719; Code, 452; Rev. Stat., 2459; 10 S. C., 40; 18 S. C., 597; Acts, 1892, 30; 17 S. E. R., 355.

*Messrs. Elliott & Elliott*, contra, cite: 21 Stat., 30 (Rev. Stat., 2552); 10 S. C., 40; 18 S. C., 597; 21 S. C., 183.

July 16, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from an order made by his Honor, Judge Aldrich, on a motion to correct the taxation of certain costs, made by the clerk in the above stated case. This order affirmed the taxation of costs as made by the clerk, except as to one item which

was disallowed; and the defendant appeals upon the following grounds:

"1. Because the Circuit Judge erred in sustaining the taxation of costs made by the clerk. 2. Because the Circuit Judge erred in holding that the respondent was entitled to the items of costs allowed in said taxation. 3. Because the Circuit Judge erred in holding that the respondent was entitled to any costs."

It is very possible that these exceptions are too general to demand consideration from the Court, as they do not point out any specific errors on the part of the Circuit Judge, unless it be the third, which may possibly be regarded as sufficient to raise the question whether, in a case like the present, any costs at all can be allowed. But, waiving this, inasmuch as no such point is raised by the respondents, and as it is desirable that the practice in this respect should be settled, we will not decline to consider what we understand from the argument to be the questions intended to be presented. For the purpose of a proper understanding of these questions, a brief statement of the facts is necessary; and as the statement prefixed to the argument of appellant's counsel seems to be fair, and full enough for all practical purposes, we will adopt that statement, which is as follows:

"This was an application for a writ of prohibition, in April, 1892, on the relation of Bartless and others, in the name of the State, against the Town Council of Beaufort. The Circuit Judge granted the application, and the Town Council of Beaufort appealed to this Court, which rendered its decision March 31, 1893, reversing the Court below, and refusing the writ. Upon the filing of the *remittitur* from this Court, the Town Council of Beaufort had their costs on appeal taxed by the clerk of Circuit Court in regular course, whereupon the relators below, Bartless and others, excepted to the Circuit Court from said taxation; Circuit Court confirmed taxation made by clerk. Subsequently, the Town Council of Beaufort, deeming the action of relators below in excepting to said taxation, an appeal from clerk to Cir-

cuit Court, applied to clerk to tax their costs, as on appeal from inferior court or jurisdiction. Clerk refused, holding that he had no power to do so. Exception was taken to Circuit Court, which reversed clerk, and ordered taxation. The relators below appealed, and this Court sustained the appeal, and reversed Circuit Court. Bartless and others, relators below, then applied to clerk to tax their costs of appeal, which clerk did. The Town Council of Beaufort then excepted to Circuit Court, which confirmed clerk's action, and the Town Council of Beaufort appealed to this Court."

No question is raised as to any of the items of the bill of costs allowed, and the only question which has been discussed in the argument here is, whether the relators were entitled to any costs at all. The claim for costs is denied upon two grounds: 1st. Because this being a proceeding for prohibition, no costs are allowed by any statute. 2d. Because the costs allowed being attorneys' costs, accruing since passage of the act of 1892, 21 Stat., 30, incorporated in Rev. Stat. as sec. 2552, abolishing attorneys' costs in certain cases, no such costs can be allowed in this case.

To determine the first question, we need not go behind the act of 9th February, 1882, 17 Stat., 1063, which contains the following provision: "The following costs shall be allowed in all classes of cases, legal or equitable: For the plaintiff's or defendant's attorneys * * * on appeal to the Supreme Court, $15; on argument in Supreme Court, $20." And the same provision is now incorporated in sec. 2551 of the Rev. Stat. of 1893. So that, whatever may have been the law as to costs in proceedings for prohibition prior to that act, and whatever may now be the law as to costs in such proceedings *in the Circuit Court*, it is quite certain that the costs allowed in this case, which were costs on appeal to the Supreme Court, were expressly authorized by the statute, which expressly declares that such costs "shall be allowed in *all* classes of cases, legal or equitable * * * on appeal to the Supreme

Court.    The case, therefore, of *State* v. *Treasurer*, 10 S.
C., 40, besides being a case of mandamus, was decided be-
fore the passage of the act of 1882, and is not applicable; and
the case of *The State* v. *County Comrs. of Edgefield County*,
18 S. C., 597, likewise cited by counsel for appellant, is
also inapplicable, for the reason that the costs there claimed
were not costs "on appeal to the Supreme Court," as that
was not an appeal, but a proceeding in the original juris-
diction of the Supreme Court.    It is clear, therefore, that
the first objection is untenable.

The only remaining inquiry is that presented by the sec-
ond question above stated, to wit: whether this case falls
within the purview of the act of 1892, above referred
to, abolishing attorney's costs in certain cases.    That
act reads as follows: "That all acts in relation to
attorney's costs be, and the same are hereby, repealed: *Pro-*
*vided*, That this act shall not apply to causes now pending
or existing liquidated contracts," which phraseology has
been changed, when incorporated in sec. 2552 of the Rev.
Stat., so as to read as follows: "The costs of attorneys, as
provided for in the three preceding sections, shall only
apply to causes pending, or existing liquidated contracts,
on the 12th day of January, 1893.    No other costs shall be '
allowed attorneys."    But we do not see that this change of
phraseology affects the question with which we are at pres-
ent concerned.    Inasmuch as it is not, and cannot be, pre-
tended that this was an action on an existing liquidated
contract, the only question is, whether this case falls within
the other branch of the exception contained in the proviso
to the original act, to wit: whether it was a cause pending
at the time the statute went into effect.    It is conceded
that this proceeding was commenced in April, 1892, prior
to the passage of the act in question, and it certainly was
pending at the time, not only of the passage of the act,
22d December, 1892, but also when the twenty days ex-
pired, to wit: on the 12th day of January, 1893, after which
the act went into effect, for the final decision on the merits

was not rendered until the 31st of March, 1893, as appears from the statement of appellant's counsel copied above. It is clear, therefore, that this case falls directly within the very letter of one of the exceptions contained in the proviso to the act of 1892. It is contended, however, that this taxation of costs now under review was a *new* proceeding, and, therefore, not covered by the exception contained in the proviso. We cannot accept that view. In the first place, the language of the proviso affords no countenance for any such view, for the act does not declare that attorneys shall not be entitled to costs for *any proceedings* instituted after the passage of the act, but, on the contrary, it expressly declares that the provisions of the act shall not apply to causes then pending; and as to such causes, the law remained as it was prior to the passage of the act. Besides, we do not consider that a motion for the taxation of costs in an action or other legal proceeding is a *new* proceeding; but, on the contrary, it is only one of the steps incident to and growing out of such action or proceeding, and not a new or independent proceeding. It seems to us, therefore, that the second objection to the allowance of costs in this case is likewise untenable and without foundation.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.